UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00831-JLS (SK) | Date | May 21, 2018 |
|---|---|---|---|
| Title | Paul Tonio Corswell v. Debbie Asuncion | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE TIMELINESS**

Petitioner, a California state inmate whose conviction for attempted murder became final in September 2014, filed a habeas petition raising 10 claims. ("Petition", ECF No. 1 at 1–76). On March 6, 2018, Respondent moved to dismiss the Petition, arguing (1) that it is untimely because Petitioner waited until October 2015 to file his first state habeas petition, and (2) that claims six through 10 are unexhausted. ("Motion to Dismiss," ECF No. 5). *See* 28 U.S.C. § 2244(d). On April 6, 2018, Petitioner filed a "Motion for Stay and Abeyance; Answer to Attorney General's Reply," which, among other requests, asked for a stay of the Petition so that Petitioner could exhaust the unexhausted claims in state court. ("Motion for Stay," ECF No. 7). But the Motion for Stay did not address the argument that the Petition is untimely in its entirety. On May 7, 2018, Respondent clarified that Petitioner did file a state habeas petition in April 2015, but that it had no tolling effect because it was dismissed as untimely by the California state court. (ECF No. 7). *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) ("[I]f a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.")

Because a stay to allow exhaustion of claims would be futile if the Petition is untimely, Petitioner is ORDERED TO SHOW CAUSE on or before **June 21, 2018,** why the Petition should not be dismissed in its entirety as untimely for the reasons stated in Respondent's motion to dismiss. *See* 28 U.S.C. § 2244(d); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Within 21 days of the filing of Petitioner's response to this order, or if no response is filed, within 30 days after the deadline for Petitioner's response has passed, Respondent shall file a consolidated brief to serve as both her optional reply in support of the pending motion to dismiss and opposition (or statement of non-opposition) to Petitioner's Motion for Stay.

**Petitioner is advised that failure to file a timely response to this Order to Show Cause may result in dismissal of this action for failure to prosecute and obey court orders. See Fed. R. Civ. P 41(b); L.R. 41-1. The failure to file an opposition to a motion to dismiss may also be deemed consent to the granting of the motion. L.R. 7-12.**