UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:18-cv-00831-JLS-MAA | Date: May 7, 2019 |
| Title: Corswell v. Asuncion | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Exhaust State Remedies

On April 17, 2019, the Court ordered Respondent Debbie Asuncion to show cause why the Court should not issue a scheduling order requiring briefing on the merits of Petitioner Paul Tonio Corswell's petition for writ of habeas corpus. (ECF No. 22.) Respondent filed a response on April 26, 2019, in which she indicated that she is withdrawing her statute of limitations defense. (ECF No. 23, at 1-2.) Respondent submits, however, that Grounds Six through Ten remain unexhausted. (*See id.* at 2-3.)

The Court previously denied without prejudice Petitioner's request for a *Rhines* stay to exhaust Grounds Six through Ten (ECF No. 7) because the statute of limitations issue remained unresolved. (*See* ECF No. 17, at 6-7.) Given Respondent's withdrawal of the statute of limitations challenge, the Court *sua sponte* reconsiders the exhaustion issue and observes that Grounds Six through Ten apparently are unexhausted.

Federal habeas relief generally is unavailable when a petitioner has not exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that a petitioner "fairly present" his federal claims to a state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To satisfy this requirement, a petitioner must describe both the operative facts and the precise federal legal theory on which his claim is based to the California Supreme Court. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). The Court may raise exhaustion issues *sua sponte* and may summarily dismiss on exhaustion grounds. See *Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, Petitioner admits he did not raise Grounds Six through Ten in any proceeding before the California courts.  (*See* ECF No. 7, at 34.)  Grounds Six through Ten were not raised in Petitioner's petition for review before the California Supreme Court.  (*See generally* ECF No. 6-7.)  Consequently, because the Petition includes both exhausted and unexhausted claims, the Petition is a mixed petition subject to dismissal without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

Before the Court recommends dismissal of the action, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition for failure to exhaust his claims in state court.  Petitioner shall respond to this Order to Show Cause in writing no later than **June 6, 2019**.  Petitioner may discharge the Order to Show Cause by filing one of the following four documents:

(1) <u>Notice of Withdrawal</u>.  Petitioner may file a notice of withdrawal of his unexhausted claims.  Petitioner's notice should identify the grounds on which he seeks to proceed.

(2) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies with respect to Grounds Six through Ten, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.  (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed below.)

(3) <u>Request for *Kelly* Stay</u>.  Petitioner may file a request for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  Following the *Kelly* procedure, Petitioner would dismiss his unexhausted claims, but the Court would be empowered to stay his remaining fully exhausted claims while he returned to the California courts to exhaust his dismissed claims.  *See Kelly*, 315 F.3d at 1070-71.  **The *Kelly* procedure, however, carries the risk that a newly exhausted claim will be time-barred by the time a petitioner returns to federal court**.  *See King v. Ryan*, 564 F.3d 1133, 1040-41 (9th Cir. 2009).  If a newly exhausted claim is time-barred, it can be appended to the Petition only if it shares a "common core of operative facts" with the claims in the Petition.  *See Mayle v. Felix*, 545 U.S. 644, 659 (2005).

　　　　(4) Request for *Rhines* Stay.  Petitioner may file a renewed request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277-78.

　　　　**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

**Time in Court:** 0:00
**Initials of Preparer:** CSI